**Conrad LAYTON and Tupou Layton,
Plaintiffs–Appellants,**

v.

**COLUMBIA PRESBYTERIAN MEDI-
CAL CENTER, Bernard Rawlins,
M.D., Defendants–Appellees.**

No. 03–7797–CV.

United States Court of Appeals,
Second Circuit.

Aug. 12, 2004.

Conrad Layton, Englewood, NJ, pro se.

Tupou Layton, Englewood, NJ, pro se.

Ellen B. Fishman, Martin, Clearwater & Bell, New York, NY, for Defendant–Appellee New York–Presbyterian Hospital.

Bhalinder L. Rikhye, Peltz & Walker, New York, NY, for Defendant–Appellee Rawlins.

PRESENT: LEVAL, B.D. PARKER, Circuit Judges, and IRENAS,[1] District Judge.

*SUMMARY ORDER*

Plaintiffs–Appellants Conrad Layton and Tupou Layton (the "Laytons") appeal from a judgment entered by the United States District Court for the Southern District of New York (Ronald L. Ellis, *M.J.*), following a jury trial, in favor of Defendants–Appellees New York–Presbyterian Hospital, s/h/a Columbia Presbyterian Medical Center ("the Hospital") and Dr. Bernard Rawlins. Familiarity is assumed

---

**1.** The Honorable Joseph E. Irenas, of the United States District Court for the District of New Jersey, sitting by designation.

as to the facts, procedural context, and specification of appellate issues.

On appeal, the Laytons contend that Appellees failed to provide Conrad Layton with critical medical information and to obtain his informed consent regarding the risks of a surgical procedure performed by Dr. Bernard Rawlins. We find that this argument lacks merit, as the Laytons did not present evidence during trial sufficient to support this claim. In opposing the Hospital's motion to dismiss, moreover, the Laytons' trial counsel did not argue that Layton had never been apprised of the risks of the procedure in question or that his consent was uninformed. Indeed, defense counsel conceded that the Hospital had obtained informed consent for the procedure, and only objected to the motion on the ground that the procedure was unnecessary because it was undertaken to correct a nonexistent condition. *See* Tr. 592–93 (*Mr. Rein:* "On the issue of informed consent, the condition for which the patient presented and signed a consent form was absent. That's our contention, obviously.... If [the condition existed], then there was consent for it in writing on the form."); Tr. 597 (*The Court:* "[Y]ou don't dispute that this is Mr. Layton's informed consent, do you, Mr. Rein?" *Mr. Rein:* "No. We just have the position that this was consent to treat a condition which didn't exist."). As there was no evidentiary conflict necessitating resolution by a jury on this issue, we find that the magistrate judge properly dismissed the Laytons' lack of informed consent claim.

Next, the Laytons contend that the magistrate judge improperly failed to inform the jury of certain findings made by the New York City Health Department in response to a complaint initiated by Conrad Layton. It is well-established that trial judges enjoy "broad discretion" concerning the admission of evidence and that "[e]videntiary rulings ordinarily will not be overturned absent an abuse of discretion." *Hydro Investors, Inc. v. Trafalgar Power Inc.,* 227 F.3d 8, 19 (2d Cir.2000) (citation omitted). We find no abuse of discretion in the magistrate judge's decision to exclude the Health Department report, and consequently, no error in his alleged failure to inform the jury of the report's findings.

The Laytons further allege a number of constitutional violations on appeal, including violations of a purported constitutional right to proper medical care, false imprisonment in violation of the Eighth Amendment, and ineffective assistance of counsel in violation of the Sixth Amendment. We reject these claims, as they do not assert violations of cognizable constitutional rights, they are not supported in the record, or they were not raised below, *see Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

We have considered the Laytons' remaining claims and find them to be without merit.

The judgment of the District Court is **AFFIRMED**.